[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16504
Non-Argument Calendar

_____

D. C. Docket No. 02-00056-CR-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN JEAN LEWIS,
a.k.a. Joel Paul,
a.k.a. Jack,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 26, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Marvin Jean Lewis appeals his sentence imposed after pleading guilty to one count of possessing five ounces of crack cocaine with the intent to distribute. We vacate and remand for resentencing consistent with *United States v. Booker*, 125 S. Ct. 738 (2005).

Because Lewis raised a *Blakely* objection before the district court, we review his sentence de novo, but will reverse only for harmful error. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or consitutional, error based upon sentencing enhancements imposed under a mandatory Guidelines system neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

We have consistently rejected Lewis's argument that a district court errs when it considers prior convictions in sentencing a defendant as a career offender under the Guidelines. "In *Almendarez-Torres v. United States*, [118 S. Ct. 1219 (1998),] the Supreme Court "held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004).

Here, the district court concluded Lewis qualified for the career offender enhancement based upon two of Lewis's prior convictions. The issue of whether the crimes qualified as crimes of violence or drug crimes, and thus satisfied the career offender enhancement requirements, was never submitted to a jury. We have consistently held that prior convictions are excepted from *Booker*'s safeguards regarding facts found by a preponderance of evidence that serve to enhance a defendant's sentence under a mandatory Guidelines system. *See*, *e.g.*, *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005) (concluding the defendant's Sixth Amendment objection to the imposition of an enhancement based on a prior crime of violence failed because "[the Supreme] Court's holding in *Booker* . . . is not implicated when a defendant's sentence is enhanced based on a prior conviction."). Thus, there is no Sixth Amendment violation under *Booker*.

Even in the absence of constitutional error, *Booker* error exists where the district court imposes a sentence under a mandatory Guidelines system. *Shelton*, 400 F.3d at 1330–31. The district court sentenced Lewis under a mandatory Guidelines system, thus statutory error exists. *See id.* "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error. *United States v.*

3

*Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005) (some internal punctuation omitted). The burden is on the government to show the error was harmless. *Id.*

The Government cannot meet its burden. The Government cites that the district court denied Lewis's request for a downward departure, instead giving him a sentence at the low end of the Guideline range, as well as the district judge's statement that he believed the sentence was appropriate. However, this is not enough for us to "say with fair assurance that the sentence was not substantially swayed by the error" of treating the Guidelines as mandatory. *See id.* We note the district court correctly calculated Lewis's Guidelines range of 262 to 327 months' imprisonment. *See United States v. Crawford*, 407 F.3d 1174, 1178–79 (11th Cir. 2005) (stating after *Booker*, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines"). Thus, on remand, the district court is required to sentence Lewis according to *Booker*, considering the Guidelines range of 262 to 327 months' imprisonment and "other statutory

concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." *Booker*, 125 S. Ct. at 757.[1]

**VACATED AND REMANDED.**

---

[1] We do not mean to suggest by our holding that the district court must impose any particular sentence on remand. Rather, we merely hold the Government did not meet its burden of showing the *Booker* statutory error was harmless. We also do not attempt to decide now whether a particular sentence might be reasonable in this case.