[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2006
THOMAS K. KAHN
CLERK

No. 06-10044
Non-Argument Calendar

_____

D. C. Docket No. 02-00056-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN JEAN LEWIS,
a.k.a. Joel Paul,
a.k.a. Jack,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 19, 2006)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Marvin Jean Lewis appeals as unreasonable his 210-month sentence imposed after he pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).[1] We conclude the 210-month sentence is reasonable, and affirm.

We review the district court's sentence for reasonableness. Such review is deferential, requiring this Court to evaluate "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [18 U.S.C.] section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Moreover, the reasonableness standard is applied to the ultimate sentence, not to each individual decision made during the sentencing process. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Talley*, 431 F.3d at 788.

Post-*Booker*, after the sentencing court accurately calculates the Guidelines range, it can impose a more severe or more lenient sentence as long as the sentence is reasonable. *Winingear*, 422 F.3d at 1244. In imposing its sentence, the

---

[1] We previously remanded this case for resentencing because Lewis was sentenced to 262 months' imprisonment under a mandatory Guidelines system, in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). *United States v. Lewis*, Case No. 04-16504 (11th Cir. Aug. 26, 2005) (unpublished).

sentencing court considers the factors listed in § 3553(a). *United States v. Scott*, 426 F.3d 1324, 1328-1329 (11th Cir. 2005). These factors include: (1) the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (3) the need for the sentence to afford adequate deterrence to criminal conduct; and (4) the need for the sentence to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). District courts do not need to establish the reasonableness of the sentences they impose by explicitly considering every factor from § 3553(a) on the record; some indication in the record that the court adequately and properly considered appropriate factors in conjunction with the sentence will be sufficient. *Scott*, 426 F.3d at 1329.

Here, the district court considered several specific § 3553(a) factors in imposing Lewis's sentence, including the seriousness of the offense, just punishment, adequate deterrence, the history and characteristics of Lewis, and the need to provide the defendant with medical care for his mental illness. Specifically, the court stated:

> And it was clear to the court that you were suffering from some–and obviously, these reports all showed you had some psychological problems. . . .
>
> But I am impressed with the fact that you're getting help for that now. It's obvious here today that you've indicated some degree

3

of recovery, if you will, for lack of a better word, from whatever it was that was driving your odd behavior before. . . .

Well, I'm going to agree with your lawyer in some respects. Not completely, but in some respects. That because of the relative youth at which you committed the first two of your offenses that go–well, two that go to the career offender and the fact that there is very strong evidence that you had deep psychological problems that had never been addressed before and are currently being addressed, that the likelihood of you being a recidivist and coming back before any court after you serve this sentence is substantially lower than what it would have been.

And all your subsequent criminal behavior that Ms. Griffin pointed out occurred after you were released from your assault on a police officer charge was in part contributed by the psychological problems that you were suffering. And I can truly say that it impresses the Court that you're in a situation now, as I see you here today, where it's obvious that's being taken care of.

However, you did commit a serious crime here in this District some years ago, as we're now here for sentencing well after the fact, and the Court is going to find that the advisory guidelines do not reflect a sentence that meets all of the sentencing factors of either punishment, deterrence, incapacitation or those factors set forth in Title 18 3553. But that a more appropriate sentence would be one that takes into account those positive factors that I just mentioned. As well as the fact that, and I'm not sure this was pointed out at your original sentencing, but often in the past when a defendant appears before me who has spent time in the Metro Jail I have, where possible, even under the mandatory guidelines, not given credit for that time, but let defendants have some benefit of the fact that they've been in an institutional setting where they're getting no training, no education, no help to speak of. So you did spend a couple of years there.

So under all of these factors and reasoning by the Court I find that an appropriate sentence is two hundred and ten months custody in the Bureau of Prisons, which is what I impose today . . . .

4

The district judge accurately calculated the Sentencing Guidelines range,[2] adequately considered the § 3553(a) factors, and ultimately sentenced Lewis to a sentence below the Guidelines range. We conclude Lewis's sentence is reasonable.

**AFFIRMED.**

---

[2] In the prior opinion, we noted the district court had correctly calculated the Guidelines range of 262 to 327 months' imprisonment. *United States v. Lewis*, Case No. 04-16504 (11th Cir. Aug. 26, 2005) (unpublished).